IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
_____

*United States of America v. Jose Luis Amador-Bonilla*
_____

Case No. CR-21-187-C
_____

**EXHIBIT 13**

*MAKING IT A FELONY WITH PENALTY FOR CERTAIN ALIENS
TO ENTER THE UNITED STATES OF AMERICA UNDER
CERTAIN CONDITIONS IN VIOLATION OF LAW*

Senate Report No. 1456
January 17, 1929

*See Motion to Dismiss,* filed 09/21/21, Doc. 61, Ex. K
*United States v. Munoz-De La O*, Case No. CR-20-134-RMP
United States District Court for the Eastern District of Washington

# Calendar No. 1484

| 70TH CONGRESS | SENATE | REPORT |
|---|---|---|
| 2d Session | | No. 1456 |

## MAKING IT A FELONY WITH PENALTY FOR CERTAIN ALIENS TO ENTER THE UNITED STATES OF AMERICA UNDER CERTAIN CONDITIONS IN VIOLATION OF LAW

JANUARY 17 (calendar day, JANUARY 18), 1929.—Ordered to be printed

Mr. BLEASE, from the Committee on Immigration, submitted the following

## REPORT

[To accompany S. 5094]

The Committee on Immigration, to which was referred the bill (S. 5094) making it a felony with penalty for certain aliens to enter the United States of America under certain conditions in violation of law, having considered the same, report favorably thereon with the recommendation that it do pass with the following amendment:

Page 2, line 10, after the word "hereunder", insert the words ", the clerk shall notify the marshal who has the prisoner in custody and he".

A memorandum from the Labor Department is made a part of this report and reads as follows:

Except as provided in the act relating to the exclusion and expulsion from the United States of those who are members of the anarchistic and similar classes approved October 16, 1919, as amended, there is no provision of law under which a penalty, other than repeated deportation, can be imposed on aliens who have been expelled from the United States and who reenter the country unlawfully. It frequently happens that aliens of the criminal and other classes who are deported under the general immigration law reenter the country unlawfully. As a matter of fact, in some instances such aliens have been deported four or five times, only to return as soon as possible to the United States in an unlawful manner.

The proposed legislation attached hereto simply provides that any alien who has been arrested and deported under the provisions of the general immigration law of 1917, or the so-called quota limit act of 1924, and who shall thereafter gain admission to the United States except through lawful channels shall be deemed guilty of a felony and upon conviction thereof shall be punished by a fine not to exceed $1,000, or by imprisonment for a term of not more than two years, to be followed by deportation and under the usual procedure. The act relative to anarchists and other radicals above referred to limits punishment to imprisonment for a term of not more than five years, but as the cases arising under the two laws mentioned vary greatly as to their seriousness, it is thought there ought to be discretion as to whether a fine or imprisonment should be imposed, and for the same reason a maximum penalty only is suggested

It is believed that such a statute would be of material aid in enforcing our immigration laws.

EXHIBIT 13
Page 1 of 2

## 2 ' PENALTY FOR ALIENS TO ENTER IN VIOLATION OF LAW

A letter from the Secretary of Labor is also made a part of this report and reads as follows:

DEPARTMENT OF LABOR,
OFFICE OF THE SECRETARY,
*Washington, January 2, 1929.*

Hon. HIRAM W. JOHNSON,
   *United States Senate, Washington, D. C.*

MY DEAR SENATOR: In response to your letter of December 26, 1928, requesting the views of this department respecting S. 5094, a bill by Senator Blease, "making it a felony with penalty for certain aliens to enter the United States of America under certain conditions in violation of law," I have to state that in our opinion the enactment of the law proposed would be of material assistance in the administration of existing immigration laws.

It is academic that no prohibitive law can successfully be enforced without a deterrent penalty. The fact that possible deportation is not a sufficient deterrent to discourage those who seek to gain entry through other than regular channels is demonstrated by the frequency with which this department is compelled to resort to deportation proceedings for the same alien on several succeeding occasions. Unfortunately, however, no statistics as to the number of instances in which deportations have been repeated have been kept. Many of the aliens who are required to be deported enter as seamen, and it goes without saying that deportation as passengers aboard regular passenger steamers is no penalty in this class of cases. In any event, an alien deported at Government expense under the present procedure is not subject to any more difficulties or embarrassment than before the first successful attempt to enter the country unlawfully.

Aside from the sexually immoral and members of the anarchistic and similar cases there is nothing in the immigration laws which penalizes aliens for reentering the United States unlawfully after they have been deported at condiserable expense to the Government. The enactment of a law imposing a penalty is recommended.

   Sincerely yours,

JAMES J. DAVIS.

O

EXHIBIT 13
Page 2 of 2