IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

_____

*United States of America v. Jose Luis Amador-Bonilla*

_____

Case No. CR-21-187-C

_____

**EXHIBIT 15**

*DEPORTATION OF ALIENS*

House Report No. 2397
February 6, 1929

*See Motion to Dismiss,* filed 09/21/21, Doc. 61, Ex. M
*United States v. Munoz-De La O*, Case No. CR-20-134-RMP
United States District Court for the Eastern District of Washington

| 70TH CONGRESS | HOUSE OF REPRESENTATIVES | REPORT |
|---|---|---|
| 2d Session | | No. 2397 |

# DEPORTATION OF ALIENS

FEBRUARY 6, 1929.—Committed to the Committee of the Whole House on the state of the Union and ordered to be printed

Mr. JOHNSON of Washington, from the Committee on Immigration and Naturalization, submitted the following

# REPORT

[To accompany H. R. 16850]

The Committee on Immigration and Naturalization, to whom was referred the bill (H. R. 16850) to provide for the deportation of certain aliens, and for the punishment of the unlawful entry of certain aliens, having had the same under consideration, reports it back to the House without amendment and recommends that the bill do pass.

The immigration acts of 1917 and 1924, which now appear to represent the settled policy of this Government, have made it possible, to a great extent at least, to limit the entry into this country of undesirable and dangerous aliens. This bill will materially assist the immigration authorities in further preventing the entry of such aliens, and provides methods whereby those already unlawfully in the United States and those who may hereafter unlawfully enter or seek to enter the country may be deported.

There should be no objection to the deportation of aliens who constitute a menace to or an unjust burden upon our Government.

The principal reason for deporting undesirable aliens is to promote the maintenance of law and order in our country and to afford protection and opportunities for development to all the people residing in our country, aliens and citizens alike. No class of people suffers more from the actions of undesirable and law-breaking aliens than does that great body of worthy and deserving aliens residing in our midst who, in good faith are contributing to the welfare of the country, and are in large numbers attempting to become citizens of the United States. Unworthy conduct and flagrant disregard of the laws of our country on the part of a very small percentage of the aliens residing in the United States unfortunately, but certainly tend to create a prejudice in the public mind against all aliens. Therefore the deportation of that small percentage of undesirable aliens

EXHIBIT 15
Page 1 of 14

**2**   DEPORTATION OF ALIENS

will redound to the benefit of the worthy and deserving aliens in the country to an equal, if not greater, degree than to that of our own citizens.

The hearings in the Sixty-ninth Congress on the subject matter contained in the bill were exhaustive. Much important testimony was developed. The necessity for revision and strengthening of the deportation clause of the immigration act of 1917 was fully shown.

Printed copies of these hearings are available for the use of the members.

### IN ADDITION TO OTHER LAWS

The provisions of the bill are in addition to other acts and provisions of law relating to deportation. The following laws have not been repealed:

(1) Sections 18, 19, and 20 of the immigration act of 1917.

(2) The act entitled "An act to exclude and expel from the United States aliens who are members of the anarchistic and similar classes," approved October 16, 1918, as amended by an act to amend such act, approved June 5, 1920.

(3) The immigration act of 1924, section 14 of which provides for the deportation, without time limit, of aliens excluded by that act, or remaining in the United States longer than permitted by law or regulations.

(4) The act entitled "An act to deport certain undesirable aliens and to deny readmission to those deported," approved May 10, 1920 (relating to war-time offenses, etc.).

(5) Section 2 of the act entitled "An act to prohibit the importation and the use of opium for other than medicinal purposes," approved February 9, 1909, as amended.

(6) The act of December 26, 1920, entitled "An act to provide for the treatment in hospitals of diseased alien seamen."

(7) Laws relating to the immigration, exclusion, and deportation of Chinese persons or persons of Chinese descent.

### SCOPE OF BILL

Section 1 of the bill adds seven classes of aliens who may be deported, but only if in each case the Secretary of Labor after hearing finds that such aliens are undesirable residents of the United States. This section of the bill is explained in detail as follows:

#### VIOLATION OF NARCOTIC LAWS AND WHITE SLAVE TRAFFIC ACT

(1) An alien who hereafter violates or conspires to violate the white slave traffic act (U. S. C. Title 18, Secs. 397–404), or any law amendatory of, supplementary to, or in substitution for, such act.

(2) An alien who hereafter violates or conspires to violate any statute of the United States taxing, prohibiting, or regulating the manufacture, production, compounding, possession, use, sale, exchange, dispensing, giving away, transportation, importation, or exportation of opium, coca leaves, or any salt, derivative, or preparation of opium or coca leaves.

These two classes of aliens are placed in the same category as alien prostitutes, so far as deportation is concerned, are placed by the existing law.

EXHIBIT 15
Page 2 of 14

Where it can be established in any manner, by immigration officials or otherwise, that an alien has violated or conspired to violate these particular laws he may be immediately taken into custody and deported without awaiting his conviction for such offense, just as under existing law the immigration authorities may summarily arrest and deport aliens found practicing prostitution or connected with the business of prostitution.   An alien may still be deported under the provisions of section 2 of the act of February 9, 1909, as amended, relating to the importation of narcotics, although this paragraph furnishes a supplementary basis for deportation and permits deportation for a violation of that act, irrespective of a conviction of a violation.   The primary purpose of the paragraph, however, is to catch the large number of alien violators of the so-called Harrison Antinarcotic Act of December 17, 1914, as amended.   While the Harrison Act is a taxing act, it nevertheless prohibits and regulates the narcotic drug traffic as an incidental and necessary means of enforcing the taxes imposed.

At the present time no alien violators of the antinarcotic laws are being deported except those who have been convicted under section 2 of the act of February 9, 1909, as amended by the act of May 26, 1922, which requires knowledge or fraudulent intent.   In many cases violators of the Harrison Act are given nominal or short sentences, and in the case of such violators who are given sentences of one year or more, the Solicitor of the Labor Department has held that such offenses do not involve moral turpitude.   The question has not been settled by the courts for the reason that, in view of the solicitor's holding, the department has not attempted to deport in such cases.

#### CONCEALING OR HARBORING ALIEN LIABLE TO DEPORTATION

(3) An alien who hereafter willfully conceals or harbors, attempts to conceal or harbor, or aids, assists, or abets any other person to conceal or harbor, any alien liable to deportation.

The desirability of providing for the deportation of this class of aliens needs no comment.

(4) An alien who hereafter willfully aids or assists in any way any alien unlawfully to enter the United States.

This provision is in addition to the penalties provided by section 8 of the immigration act of 1917.   Aliens in this country who seek to aid others to enter in violation of our laws should not be permitted to remain in the United States.

#### SURREPTITIOUS OR UNLAWFUL ENTRY

(5) An alien who hereafter enters the United States at any time or place other than as designated by immigration officials, or eludes examination or inspection by immigration officials, or obtains entry to the United States by a willfully false or misleading representation or the willful concealment of a material fact.

This class of aliens is partly taken care of under the existing law which provides for the deportation of the following class:

At any time within three years after entry any alien who shall have entered the United States by water at any time or place other than as designated by immigration officials, or by land at any place other than one designated as a port

EXHIBIT 15
Page 3 of 14

**4**                    DEPORTATION OF ALIENS

of entry for aliens by the Commissioner General of Immigration, **or at any time not** designated by immigration officials, or who enters without inspection.

No good reason is seen for perpetuating the distinction made in existing law between entering by water or by land.  The suggested amendment is broad enough to cover entry in any manner.  Immigration officials, of course, will designate times and places only as authorized by their superior officers.  It is deemed desirable to state affirmatively the additional grounds set forth in this paragraph which can now be covered only by resorting to the phrase "who enters without inspection."

### CONVICTION OF CRIME

(6) An alien who is convicted of any offense (committed after the enactment of this act and at any time after entry) for which he is sentenced to imprisonment for a term of one year or more, and who is thereafter convicted of the same or any other offense (committed after the enactment of this act and at any time after entry) for which he is sentenced to imprisonment for a term of one year or more.

The existing law provides:

Any alien who is hereafter sentenced to imprisonment for a term of one year or more because of conviction in this country of a crime involving moral turpitude committed within five years after the entry of the alien to the United States, or who is hereafter sentenced more than once to such a term of imprisonment because of conviction in this country of any crime involving moral turpitude, committed at any time after entry—

Except that deportation shall not be made or directed in such case—

if the court, or judge thereof, sentencing such alien for such crime shall, at the time of imposing judgment or passing sentence or within 30 days thereafter, due notice having first been given to representatives of the State, makes a recommendation to the Secretary of Labor that such alien shall not be deported.

These provisions of law are not repealed by the bill.  Therefore, in the future as heretofore an alien sentenced for a year or more because convicted of a crime involving moral turpitude committed within five years after entry will be deportable, subject to the qualification that deportation will not be made if the judge sentencing the alien makes the recommendation to the Secretary of Labor that he shall not be deported.  The second clause of the portion of the existing law first quoted above provides for deportation of an alien sentenced more than once to a term of one year or more for conviction of a crime involving moral turpitude regardless of the length of time after entry.  This clause, although not repealed by the bill, will in the course of time be superseded by the provisions of subsection (6) of section 1 of the bill which provides for deportation upon conviction twice with sentence for a term of one year or more, but it will be noticed that this portion of the bill requires that both offenses must be committed after the enactment of the act.  The existing law will, however, remain in force not only to cover cases of the liability to deportation existing at the time of the enactment of the new act, but also to take care of the case where after the enactment of this act an alien is sentenced to one year or more for a crime involving moral turpitude, where the first conviction took place before the enactment of this act.

EXHIBIT 15
Page 4 of 14

### HABITUAL CRIMINALS

(7) An alien who is convicted of any offense (committed after the enactment of this act and within 10 years after entry) for which he is sentenced to imprisonment for a term which, when added to the terms to which sentenced under two or more previous convictions of the same or any other offense (committed after the enactment of this act), amounts to two years or more.

This paragraph is to take care of habitual criminals and makes an alien deportable who has already been twice sentenced to imprisonment and is again sentenced so that the three sentences combined amount to two years or more, but all the offenses must be committed after the enactment of this act and within 10 years after the entry of the alien.

### APPEALS AND PARDONS

Section 2 of the bill gives the alien convicted of crime two safeguards not affirmatively specified in existing law, although, as a matter of practice, it is quite likely that both are being afforded without specific provision. They are that no conviction can be used as a ground of deportation unless, first, it is a conviction in a court of record, and, second, that the judgment on such conviction has become final. This provision is applicable to every conviction alluded to in subsections (6) and (7) above quoted and explained. Where an alien has appealed, or while he has the right to appeal, from the judgment on a conviction rendering him liable to deportation, he may not be deported. These safeguards are deemed desirable, especially since the court or judge is not given the right to recommend that the alien be not deported, in the cases covered by such paragraphs.

This section also provides that in the case of a sentence for an indeterminate term in which the minimum term under the sentence is less than one year, the term actually served shall be considered the term for which sentenced where deportation is based upon the length of the term of imprisonment.

An alien who has been unconditionally pardoned after conviction of an offense specified in subsections (6) and (7) of section 1 shall not be deported on account of that offense. Thus a pardon would not relieve from deportation an alien who has violated or conspired to violate the white slave traffic act or the Federal antinarcotic laws, nor would it save persons engaged in or connected with prostitution, nor others who are deported under some provision of law other than the subsections enumerated. This provision of the bill continues the principle embodied in a provision of the existing law which exempts from deportation an alien who has been pardoned after conviction of a crime involving moral turpitude. It should be noted that there is no relief from deportation if the pardon is conditioned upon continued good behavior. Such a pardon amounts only to a commutation of sentence or a parole, and section 5 provides that in such cases the deportation may be effected upon the release from confinement.

### READMISSION OF DEPORTED ALIENS

Under section 3 of the immigration act of 1917 one of the classes excluded from admission consists of persons who have been deported under any of the provisions of that act and who may again seek admission within one year unless they have obtained permission

EXHIBIT 15
Page 5 of 14

**6**                    DEPORTATION OF ALIENS

from the Secretary of Labor to reapply for admission. A serious situation has arisen, particularly on our land borders, whereby people deported to contiguous countries turn around and come back again without further penalty than exclusion or another deportation. No matter how serious the offense for which deported, an alien can under existing law, except in a few limited cases (as prostitutes, anarchists, and war-time offenders), if otherwise admissible, reenter the United States after one year from the date of his deportation and can apply to the Secretary for readmission at any time within that period. Subsection (d) of section 3 of the bill retains so much of the provision of the present law referred to as applied to aliens who have been excluded on arrival and sent back. They, as heretofore, are prohibited from coming back within one year unless they have obtained the consent of the Secretary of Labor. Subsection (a) of section 3, however, provides that if any alien has been arrested and deported he shall be excluded from admission to the United States, and imposes fine or imprisonment or both upon him if he enters or attempts to enter the United States. At the termination of the imprisonment he will be deported under section 19 of the 1917 act as belonging to an excluded class at the time of entry. It will be noted that liability to deportation also exists even though no indictment for the criminal offense is brought, or even if the alien is acquitted of the criminal offense after trial.

In compliance with paragraph 2a of Rule XIII of the Rules of the House the following shows the amendment made by subsection (d) of section 3 of the bill to section 3 of the immigration act of 1917. The matter printed in black brackets represents the old matter to be eliminated from such section, and the matter printed in italics represents the new matter to be inserted in such section.

SEC. 3. That the following classes of aliens shall be excluded from admission in the United States: * * * persons who have been [deported under any of the provisions of this act, and] *excluded from admission and deported in pursuance of law, and* who may again seek admission within one year from the date of such deportation, unless prior to their reembarkation at a [foreign port] *place outside the United States* or their attempt to be admitted from foreign contiguous territory the Secretary of Labor [shall have] *has* consented to their reapplying for admission.

Owing to the inadequacy of the appropriations now made for enforcement of deportation provisions under existing law, the Department of Labor has, in many cases, after a warrant of deportation has been issued, refrained from executing the warrant and deporting the alien, at the expense of the appropriation, to the country to which he might be deported, upon the condition that the alien voluntarily, at his own expense, leave the United States. Some doubt exists whether an alien so departing has been "deported." Subsection (b) of section 3 of the bill therefore removes any possible doubt on this question by providing that in such cases the alien shall be considered to have been deported in pursuance of law.

Under the present law an alien seaman upon arrival in the United States, even though he belongs to one of the excluded classes (except in cases of certain dangerous mental and physical diseases and disorders and except in the case of aliens who are not bona fide seamen), is nevertheless not excludable as in the case of any other class of aliens, but is permitted to land temporarily for the purpose of reshipping foreign. If such a seaman is arrested and deported in pursuance of

EXHIBIT 15
Page 6 of 14

law, he may turn around and immediately return to the United States and upon arrival must again be permitted to land temporarily for the purpose of reshipping foreign. Thus he is afforded an opportunity of quitting his calling and again remaining in the United States beyond the time fixed by the law and regulations. To prevent this result it is provided in subsection (c) of section 3 of the bill that an alien subject to exclusion from admission on the ground that he has once been deported shall not, although employed as a seaman, be entitled to any of the landing privileges allowed by law to seamen.

The existing law (sec. 18 of the immigration act of 1917) provides a penalty for any person in charge, etc., of a vessel "knowingly to bring to the United States at any time within one year from the date of deportation any alien rejected or arrested and deported under any provision of this act [of 1917] unless prior to reembarkation the Secretary of Labor has consented that such alien shall reapply for admission." Subsection (e) of section 3 of the bill provides a penalty for the person in charge, etc., of a vessel "knowingly to bring to the United States any alien excluded or arrested and deported under any provision of law until such time as such alien may be lawfully entitled to reapply for admission to the United States." There appears to be no reason why the person in charge, etc., of a vessel should not be penalized for knowingly bringing an alien who has been deported so long as it is unlawful for him to reenter the United States. This means that in the case of an alien arrested and deported it is unlawful for him to return at all, and in the case of an alien excluded and deported it is unlawful for him to return within one year from the date of such deportation unless the Secretary of Labor has, prior to the expiration of the year, consented to his reapplying for admission.

In compliance with paragraph 2a of Rule XIII of the Rules of the House the following shows the amendment above described made by subsection (e) of section 3 of the bill in section 18 of the immigration act of 1917. The matter in the left-hand column is the present law and the matter in the right-hand column shows the proposed amendment:

| PRESENT LAW | PROPOSED AMENDMENT |
|---|---|
| or knowingly to bring to the United States at any time within one year from the date of deportation any alien rejected or arrested and deported under any provision of this act, unless prior to reembarkation the Secretary of Labor has consented that such alien shall reapply for admission, as required by section 3 hereof | or knowingly to bring to the United States any alien excluded or arrested and deported under any provision of law until such time as such alien may be lawfully entitled to reapply for admission to the United States |

## PENALTY FOR UNLAWFUL ENTRY

Section 4 of the bill attempts to cure one of the defects of the present law by imposing a criminal penalty upon any alien who enters the United States at any time or place other than as designated by immigration officials, or eludes examination or inspection or obtains entry by a willfully false or misleading representation, or a willful concealment of a material fact. Under the present law all that can be done to such an alien is to deport him. It is believed that

EXHIBIT 15
Page 7 of 14

8                    DEPORTATION OF ALIENS

if the class of aliens who are endeavoring to enter the United States
surreptitiously become aware that when detected they will be fined
and imprisoned, as well as deported, the number who attempt to
smuggle themselves or have themselves smuggled into the United
States will be materially lessened.  It should be noted that the
punishment of fine or imprisonment is not in substitution for deporta-
tion.  After the sentence has been served the alien will be deported,
under subsection (5) of section 1 of the bill.  It will be noted that
liability to deportation also exists even though no indictment for the
criminal offense is brought, or even if the alien is acquitted of the
criminal offense after trial.

### DEPORTATION AFTER IMPRISONMENT

Section 5 provides that an alien sentenced to imprisonment shall
not be deported under any provision of law until after the termina-
tion of the imprisonment, which is similar in principle to the provision
in section 19 of the existing law.  Particular attention is directed to
the fact that an alien violating the provisions of section 3 or 4 of the
bill is not to be deported until after the termination of the imprison-
ment to which he may be sentenced under such section.

In the case of prisoners released on parole under convictions by
State courts, it was the practice of the department until recently
to take the prisoner into custody immediately on his parole if deport-
able for any reason.  Objections were made by one of the States
to this practice, on the ground that it was an infringement on the
right of the State to retain custody of the prisoner during the period
he is out on parole.  The Solicitor of the Department of Labor re-
cently advised the Secretary of Labor that the statute did not author-
ize the practice of the department, and accordingly it has been dis-
continued so that under the present law the alien is not deported
until the end of the term for which sentenced or until he is uncon-
ditionally released from confinement.  Your committee is convinced
that the law should be made clear that the alien is deportable imme-
diately upon his release from confinement.  If he belongs to a deport-
able class he should be deported even though it may not be against
the public policy of the State, under whose laws he has been con-
victed, that he should be allowed to go at large on parole.  The
authority of Congress in relation to the deportation of aliens is
supreme and the law or practice of a State can not and should not
allow an alien to remain in this country for a moment longer than
permitted by act of the National Legislature, which alone is charged
with the duty and responsibility of ridding the country of undesir-
able aliens.  Accordingly, section 5 of the bill provides that the
alien may be deported immediately upon his release on parole.

### TIME LIMIT ON DEPORTATION

It will be noted that section 6 of the bill provides that there shall
be no time limit within which deportation proceedings on the grounds
provided in this bill shall be begun, with the exception that deporta-
tion based on conviction of crime as specified in subsection (6) or (7)
of section 1 shall not be begun after the expiration of three years

EXHIBIT 15
Page 8 of 14

after the termination of imprisonment.   In all other cases proceedings may be begun at any time after the entry of the alien even though he may also be deportable under some provision of existing law which places a time limit on the beginning of proceedings.   For example, an alien deportable under subsection (5) of section 1 of the bill for surreptitious entry may be deported at any time thereafter although he may also be deportable under provisions of existing law which have a time limit of three years after entry.

### ALIEN BELONGING TO MORE THAN ONE DEPORTABLE CLASS

Section 7 of the bill is put in out of an abundance of caution to make it clear that it is the intention of Congress that an alien who is liable to deportation under any paragraph of the bill shall be deported whether or not he is liable to deportation under any other paragraph of the bill or in any other law, and, conversely, that the grounds for deportation set forth in the bill are in addition to and not in substitution for the grounds already existing under other laws.   For instance, if an alien violates the narcotic drugs import and export act, he is to be deported (under paragraph (2) of section 1), even though he has not been convicted of the violation and consequently is not deportable under section 2 of such act, or even though he is convicted and sentenced to less than a year's imprisonment or merely fined.   Again, if an alien is deportable under paragraph (5) of section 1 of the bill (surreptitious entry) he can not escape deportation merely because he does not come within the somewhat similar language of the present law.   It is also intended by the bill, for example, that an alien liable to deportation as a procurer under the provisions of existing law shall not escape deportation even though he has not violated the white slave traffic act and hence would not be deportable under subsection (1) of section 1 of the bill.

### DEFINITION OF TERMS

Section 9 of the bill provides that terms defined in the immigration act of 1924 shall have the same meaning when used in this bill.   These definitions are:

(1) The term "United States," found in section 28 (a) of the 1924 act, as follows: "The term 'United States,' when used in a geographical sense, means the States, the Territories of Alaska and Hawaii, the District of Columbia, Porto Rico, and the Virgin Islands."

(2) The term "alien," found in section 28 (b) of the 1924 act, as follows: "The term 'alien' includes any individual not a native-born or naturalized citizen of the United States, but this definition shall not be held to include Indians of the United States not taxed, nor citizens of the islands under the jurisdiction of the United States."

(3) The term "immigration act of 1917," found in section 28 (f) of the 1924 act, as follows: "The term 'immigration act of 1917' means the act of February 5, 1917, entitled 'An act to regulate the immigration of aliens to, and the residence of aliens in, the United States.'"

H R—70—2—vol 2——3

EXHIBIT 15
Page 9 of 14

10                      DEPORTATION OF ALIENS

## FINALITY OF SECRETARY'S DECISION

The bill does not disturb the provision of the existing law (section 19 of 1917 act), that the decision of the Secretary of Labor in every case of deportation shall be final.   This provision has been considered by the Supreme Court as meaning that the decision of the Secretary is final only if the alien has in fact had due process of law, but the court has refused to overturn the decision of the Secretary unless it appears, (1) that his action has been arbitrary, or (2) that there is no evidence on which to support the finding, or (3) that the alien has not had proper notice and opportunity to be heard, or (4) that the Secretary has misconstrued the law.   In no case does the court have the right to review the evidence for the purpose of determining whether or not the weight of evidence supports the findings of the Secretary.   If there is evidence in support of his finding, the court will sustain it even though, were the matter before the court originally, the court would have reached a conclusion opposite to that which the Secretary has reached.   The arrested person has the right to a judicial determination of his claim of citizenship, unless such claim is plainly frivolous.

### APPENDIX A

[H. R. 16880, Seventieth Congress, second session]

A BILL To provide for the deportation of certain aliens, and for the punishment of the unlawful entry of certain aliens

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That the following aliens shall, upon warrant of the Secretary of Labor, be taken into custody and deported in the manner provided in sections 19 and 20 of the immigration act of 1917 [U. S. C. Title 8, §§ 155, 156], if the Secretary of Labor, after hearing, finds that such aliens are undesirable residents of the United States:

(1) An alien who hereafter violates or conspires to violate the white-slave traffic act [U. S. C. Title 18, §§ 397–404], or any law amendatory of, supplementary to, or in substitution for, such act.

(2) An alien who hereafter violates or conspires to violate any statute of the United States taxing, prohibiting, or regulating the manufacture, production, compounding, possession, use, sale, exchange, dispensing, giving away, transportation, importation, or exportation of opium, coca leaves, or any salt, derivative, or preparation of opium or coca leaves.

(3) An alien who hereafter willfully conceals or harbors, attempts to conceal or harbor, or aids, assists, or abets any other person to conceal or harbor, any alien liable to deportation.

(4) An alien who hereafter willfully aids or assists in any way any alien unlawfully to enter the United States.

(5) An alien who hereafter enters the United States at any time or place other other than as designated by immigration officials, or eludes examination or inspection by immigration officials, or obtains entry to the United States by a willfully false or misleading representation or the willful concealment of a material fact.'

(6) An alien who is convicted of any offense (committed after the enactment of this act and at any time after entry) for which he is sentenced to imprisonment for a term of one year or more, and who is thereafter convicted of the same or any other offense (committed after the enactment of this act and at any time after entry) for which he is sentenced to imprisonment for a term of one year or more.

(7) An alien who is convicted of any offense (committed after the enactment of this act and within ten years after entry) for which he is sentenced to imprisonment for a term which, when added to the terms to which sentenced under two or more previous convictions of the same or any other offense (committed after the enactment of this act); amounts to two years or more.

EXHIBIT 15
Page 10 of 14

SEC. 2. For the purposes of subsections (6) and (7) of section 1—

(a) No conviction shall serve as a basis for deportation proceedings unless such conviction is in a court of record and the judgment on such conviction has become final;

(b) In the case of a sentence for an indeterminate term in which the minimum term under the sentence is less than one year, the term actually served shall be considered the term for which sentenced; and

(c) An offense of which an alien, after conviction, has been unconditionally pardoned, shall not be considered an offense.

SEC. 3. (a) If any alien has been arrested and deported in pursuance of law, he shall be excluded from admission to the United States whether such deportation took place before or after the enactment of this act, and if he enters or attempts to enter the United States after the expiration of sixty days after the enactment of this act, he shall be guilty of a felony and upon conviction thereof shall, unless a different penalty is otherwise expressly provided by law, be punished by imprisonment for not more than two years or by a fine of not more than $1,000, or by both such fine and imprisonment.

(b) For the purposes of this section any alien ordered deported (whether before or after the enactment of this act) who has left the United States shall be considered to have been deported in pursuance of law, irrespective of the source from which the expenses of his transportation were defrayed or of the place to which he departed.

(c) An alien subject to exclusion from admission to the United States under this section who is employed upon a vessel arriving in the United States shall not be entitled to any of the landing privileges allowed by law to seamen.

(d) So much of section 3 of the immigration act of 1917 [U. S. C. Title 8, § 136 (j)] as reads as follows: "persons who have been deported under any of the provisions of this act, and who may again seek admission within one year from the date of such deportation, unless prior to their reembarkation at a foreign port or their attempt to be admitted from foreign contiguous territory the Secretary of Labor shall have consented to their reapplying for admission" is amended to read as follows: "persons who have been excluded from admission and deported in pursuance of law, and who may again seek admission within one year from the date of such deportation, unless prior to their reembarkation at a place outside the United States or their attempt to be admitted from foreign contiguous territory the Secretary of Labor has consented to their reapplying for admission."

(e) So much of section 18 of the immigration act of 1917 [U. S. C. Title 8, § 154] as reads as follows: "or knowingly to bring to the United States at any time within one year from the date of deportation any alien rejected or arrested and deported under any provision of this act, unless prior to reembarkation the Secretary of Labor has consented that such alien shall reapply for admission, as required by section 3 hereof" is amended to read as follows: "or knowingly to bring to the United States any alien excluded or arrested and deported under any provision of law until such time as such alien may be lawfully entitled to reapply for admission to the United States." The amendment made by this subsection shall take effect on the expiration of sixty days after the enactment of this act, but the provision amended shall remain in force for the collection of any fine incurred before the effective date of such amendment.

SEC. 4. Any alien who hereafter enters the United States at any time or place other than as designated by immigration officials or eludes examination or inspection by immigration officials, or obtains entry to the United States by a willfully false or misleading representation or the willful concealment of a material fact, shall be guilty of a misdemeanor and, upon conviction, shall be punished by imprisonment for not more than one year or by a fine of not more than $1,000, or by both such fine and imprisonment.

SEC. 5. An alien sentenced to imprisonment shall not be deported under any provision of law until after the termination of the imprisonment. For the purposes of this section (but not for the purposes of section 6) the imprisonment shall be considered as terminated upon the release of the alien from confinement, whether or not he is subject to rearrest or further confinement in respect of the same offense.

SEC. 6. Proceedings for the deportation of an alien made deportable by this act may be begun at any time after the entry of such alien, without regard to any of the periods prescribed in the immigration act of 1917; but no proceeding based on subsection (6) or (7) of section 1 of this act shall be begun after the expiration of three years after the termination of the imprisonment.

EXHIBIT 15
Page 11 of 14

**12**                    DEPORTATION OF ALIENS

SEC. 7. If any alien is liable to deportation upon any ground specified in any paragraph of this act, he shall be deported whether or not he is liable to deportation upon a ground specified in any other paragraph of this act or in any other law, and any alien who is liable to deportation upon a ground specified in any law other than this act shall be deported whether or not he is liable to deportation upon a ground specified in this act.

SEC. 8. Upon the final conviction of any alien of any offense in any court of record of the United States or of any State or Territory it shall be the duty of the clerk of the court to notify the Secretary of Labor, giving the name of the alien convicted, the nature of the offense of which convicted, the sentence imposed, and, if imprisoned, the place of imprisonment, and, if known, the place of birth of such alien, his nationality, and the time when and place where he entered the United States.

SEC. 9. Terms defined in the immigration act of 1924 shall, when used in this act, have the meaning assigned to such terms in that act.

SEC. 10. This act may be cited as the "Undesirable aliens act of 1929."

———

APPENDIX B

DEPORTATION SECTIONS (SECS. 18, 19, AND 20) OF THE IMMIGRATION ACT OF FEBRUARY 5, 1917

SEC. 18. That all aliens brought to this country in violation of law shall be immediately sent back, in accommodations of the same class in which they arrive, to the country whence they respectively came, on the vessels bringing them, unless in the opinion of the Secretary of Labor immediate deportation is not practicable or proper. The cost of their maintenance while on land, as well as the expense of the return of such aliens, shall be borne by the owner or owners of the vessels on which they respectively came. That it shall be unlawful for any master, purser, person in charge, agent, owner, or consignee of any such vessel to refuse to receive back on board thereof, or on board of any other vessel owned or operated by the same interests, such aliens; or to fail to detain them thereon; or to refuse or fail to return them in the manner aforesaid to the foreign port from which they came; or to fail to pay the cost of their maintenance while on land; or to make any charge for the return of any such alien, or to take any security for the payment of such charge; or to take any consideration to be returned in case the alien is landed; or knowingly to bring to the United States at any time within one year from the date of deportation any alien rejected or arrested and deported under any provisions of this act, unless prior to reembarkation the Secretary of Labor has consented that such alien shall reapply for admission, as required by section 3 hereof; and if it shall appear to the satisfaction of the Secretary of Labor that such master, purser, person in charge, agent, owner, or consignee has violated any of the foregoing provisions, or any of the provisions of section 15 hereof, such master, purser, person in charge, agent, owner, or consignee shall pay to the collector of customs of the district in which the port of arrival is located, or in which any vessel of the line may be found, the sum of $300 for each and every violation of any provision of said sections; and no vessel shall have clearance from any port of the United States while any such fine is unpaid, nor shall such fine be remitted or refunded: *Provided*, That clearance may be granted prior to the determination of such question upon the deposit with the collector of customs of a sum sufficient to cover such fine. If the vessel by which any alien ordered deported came has left the United States, and it is impracticable for any reason to deport the alien within a reasonable time by another vessel owned by the same interests, the cost of deportation may be paid by the Government and recovered by civil suit from any agent, owner, or consignee of the vessel: *Provided further*, That the Commissioner General of Immigration, with the approval of the Secretary of Labor, may suspend, upon conditions to be prescribed by the Commissioner General of Immigration, the deportation of any aliens found to have come in violation of any provision of this act if, in his judgment, the testimony of such alien is necessary on behalf of the United States Government in the prosecution of offenders against any provision of this act or other laws of the United States; and the cost of maintenance of any person so detained resulting from such suspension of deportation, and a witness fee in the sum of $1 per day for each day such person is so detained, may be paid from the appropriation for the enforcement of this

EXHIBIT 15
Page 12 of 14

act, or such alien may be released under bond, in the penalty of not less than $500, with security approved by the Secretary of Labor, conditioned that such alien shall be produced when required as a witness and for deportation.

No alien certified, as provided in section 16 of this act, to be suffering from tuberculosis in any form, or from a loathsome or dangerous contagious disease other than one of quarantinable nature, shall be permitted to land for medical treatment thereof in any hospital in the United States, unless the Secretary of Labor is satisfied that to refuse treatment would be inhumane or cause unusual hardship or suffering, in which case the alien shall be treated in the hospital under the supervision of the immigration officials at the expense of the vessel transporting him: *Provided further*, That upon the certificate of an examining medical officer to the effect that the health or safety of an insane alien would be unduly imperiled by immediate deportation, such alien may, at the expense of the appropriation for the enforcement of this act, be held for treatment until such time as such alien may, in the opinion of such medical officer, be safely deported: *Provided further*, That upon the certificate of an examining medical officer to the effect that a rejected alien is helpless from sickness, mental or physical disability, or infancy, if such alien is accompanied by another alien whose protection or guardianship is required by such rejected alien, such accompanying alien may also be excluded, and the master, agent, owner, or consignee of the vessel in which such alien and accompanying alien are brought shall be required to return said alien and accompanying alien in the same manner as vessels are required to return other rejected aliens.

SEC. 19. That at any time within five years after entry any alien who at the time of entry was a member of one or more of the classes excluded by law; any alien who shall have entered or who shall be found in the United States in violation of this act or in violation of any other law of the United States; any alien who at any time after entry shall be found advocating or teaching the unlawful destruction of property, or advocating or teaching anarchy or the overthrow by force or violence of the Government of the United States or of all forms of law or the assassination of public officials; any alien who within five years after entry becomes a public charge from causes not affirmatively shown to have arisen subsequent to landing; except as hereinafter provided, any alien who is hereafter sentenced to imprisonment for a term of one year or more because of conviction in this country of a crime involving moral turpitude committed within five years after the entry of the alien to the United States, or who is hereafter sentenced more than once to such a term of imprisonment because of conviction in this country of any crime involving moral turpitude committed at any time after entry; any alien who shall be found an inmate of or connected with the management of a house of prostitution or practicing prostitution after such alien shall have entered the United States, or who shall receive, share in, or derive benefit from any part of the earnings of any prostitute; any alien who manages or is employed by, in, or in connection with any house of prostitution or music or dance hall or other place of amusement or resort habitually frequented by prostitutes or where prostitutes gather, or who in any way assists any prostitute or protects or promises to protect from arrest any prostitute; any alien who shall import or attempt to import any person for the purpose of prostitution or for any other immoral purpose; any alien who, after being excluded and deported or arrested and deported as a prostitute or as a procurer, or as having been connected with the business of prostitution or importation for prostitution or other immoral purposes in any of the ways hereinbefore specified shall return to and enter the United States; any alien convicted and imprisoned for a violation of any of the provisions of section four hereof; any alien who was convicted or who admits the commission prior to entry of a felony or other crime or misdemeanor involving moral turpitude; at any time within three years after entry, any alien who shall have entered the United States by water at any time or place other than as designated by immigration officials, or by land at any place other than one designated as a port of entry for aliens by the Commissioner General of Immigration, or at any time not designated by immigration officials, or who enters without inspection, shall, upon the warrant of the Secretary of Labor, be taken into custody and deported: *Provided*, That the marriage to an American citizen of a female of the sexually immoral classes the exclusion or deportation of which is prescribed by this act shall not invest such female with United States citizenship if the marriage of such alien female shall be solemnized after her arrest or after the commission of acts which make her liable to deportation under this act: *Provided further*, That the provision of this section

EXHIBIT 15
Page 13 of 14

**14**                    DEPORTATION OF ALIENS

respecting the deportation of aliens convicted of a crime involving moral turpi-
tude shall not apply to one who has been pardoned, nor shall such deportation
be made or directed if the court, or judge thereof, sentencing such alien for such
crime, shall, at the time of imposing judgment or passing sentence or within
30 days thereafter, due notice having first been given to representatives of
the State, make a recommendation to the Secretary of Labor that such alien
shall not be deported in pursuance of this act; nor shall any alien convicted as
aforesaid be deported until after the termination of his imprisonment: *Provided
further*, That the provisions of this section, with the exceptions hereinbefore noted,
shall be applicable to the classes of aliens therein mentioned irrespective of the
time of their entry into the United States: *Provided further*, That the provisions
of this section shall also apply to the cases of aliens who come to the mainland of
the United States from the insular possessions thereof: *Provided further*, That
any person who shall be arrested under the provisions of this section on the
ground that he has entered or been found in the United States in violation of any
other law thereof which imposed on such person the burden of proving his right to
enter or remain, and who shall fail to establish the existence of the right claimed,
shall be deported to the place specified in such other law.   In every case where
any person is ordered deported from the United States under the provisions of
this act or of any law or treaty the decision of the Secretary of Labor shall be
final.

SEC. 20. That the deportation of aliens provided for in this act shall, at the
option of the Secretary of Labor, be to the country whence they came or to
the foreign port at which such aliens embarked for the United States; or, if
such embarkation was for foreign contiguous territory, to the foreign port at
which they embarked for such territory; or, if such aliens entered foreign con-
tiguous territory from the United States and later entered the United States,
or if such aliens are held by the country from which they entered the United
States not to be subjects or citizens of such country, and such country refuses
to permit their reentry, or imposes any condition upon permitting reentry, then
to the country of which such aliens are subjects or citizens, or to the country
in which they resided prior to entering the country from which they entered
the United States.   If deportation proceedings are instituted at any time within
five years after the entry of the alien, such deportation, including one-half of
the entire cost of removal to the port of deportation, shall be at the expense of
the contractor, procurer, or other person by whom the alien was unlawfully
induced to enter the United States, or if that can not be done, then the cost of
removal to the port of deportation shall be at the expense of the appropriation
for the enforcement of this act, and the deportation from such port shall be
at the expense of the owner or owners of such vessels or transportation line by
which such aliens respectively came, or, if that is not practicable, at the expense
of the appropriation for the enforcement of this act.   If deportation proceedings
are instituted later than five years after the entry of the alien, or if the deporta-
tion is made by reason of causes arising subsequent to entry, the cost thereof
shall be payable from the appropriation for the enforcement of this act.   A
failure or refusal on the part of the masters, agents, owners, or consignees of
vessels to comply with the order of the Secretary of Labor to take on board,
guard safely, and transport to the destination specified any alien ordered to be
deported under the provisions of this act shall be punished by the imposition
of the penalties prescribed in section 18 of this act: *Provided*, That when in
the opinion of the Secretary of Labor the mental or physical condition of such
alien is such as to require personal care and attendance, the said Secretary shall
when necessary employ a suitable person for that purpose, who shall accompany
such alien to his or her final destination, and the expense incident to such service
shall be defrayed in the same manner as the expense of deporting the accom-
panied alien is defrayed.   Pending the final disposal of the case of any alien
so taken into custody, he may be released under a bond in the penalty of not less
than $500 with security approved by the Secretary of Labor, conditioned that
such alien shall be produced when required for a hearing or hearings in regard to
the charge upon which he has been taken into custody, and for deportation
if he shall be found to be unlawfully within the United States.

○

EXHIBIT 15
Page 14 of 14