IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
_____

*United States of America v. Jose Luis Amador-Bonilla*
_____

Case No. CR-21-187-C
_____

**EXHIBIT 16**

*AN ACT MAKING IT A FELONY WITH PENALTY FOR CERTAIN
ALIENS TO ENTER THE UNITED STATES OF AMERICA
UNDER CERTAIN CONDITIONS IN VIOLATION OF LAW*

Public Law 1018
March 4, 1929

*See Motion to Dismiss,* filed 09/21/21, Doc. 61, Ex. N
*United States v. Munoz-De La O*, Case No. CR-20-134-RMP
United States District Court for the Eastern District of Washington

SEVENTIETH CONGRESS. Sess. II. Ch. 690. 1929.   1551

**CHAP. 690.**—An Act Making it a felony with penalty for certain aliens to enter the United States of America under certain conditions in violation of law.

March 4, 1929.
[S. 5094.]
[Public, No. 1018.]

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That (a) if any alien has been arrested and deported in pursuance of law, he shall be excluded from admission to the United States whether such deportation took place before or after the enactment of this Act, and if he enters or attempts to enter the United States after the expiration of sixty days after the enactment of this Act, he shall be guilty of a felony and upon conviction thereof shall, unless a different penalty is otherwise expressly provided by law, be punished by imprisonment for not more than two years or by a fine of not more than $1,000, or by both such fine and imprisonment.

Immigration.
Deported alien attempting to reenter, guilty of a felony.

Punishment for.

(b) For the purposes of this section any alien ordered deported (whether before or after the enactment of this Act) who has left the United States shall be considered to have been deported in pursuance of law, irrespective of the source from which the expenses of his transportation were defrayed or of the place to which he departed.

Alien ordered deported, who has left the United States, considered lawfully deported.

(c) An alien subject to exclusion from admission to the United States under this section who is employed upon a vessel arriving in the United States shall not be entitled to any of the landing privileges allowed by law to seamen.

Ship employee liable to exclusion not permitted to land.

(d) So much of section 3 of the Immigration Act of 1917 [U. S. C. Title 8, § 136(j)] as reads as follows: "persons who have been deported under any of the provisions of this Act, and who may again seek admission within one year from the date of such deportation unless prior to their reembarkation at a foreign port or their attempt to be admitted from foreign contiguous territory the Secretary of Labor shall have consented to their reapplying for admission" is amended to read as follows: "persons who have been excluded from admission and deported in pursuance of law, and who may again seek admission within one year from the date of such deportation, unless prior to their reembarkation at a place outside the United States or their attempt to be admitted from foreign contiguous territory the Secretary of Labor has consented to their reapplying for admission".

Restriction on readmissions.
Matter stricken out.
Vol. 39, p. 876, amended.
U. S. Code, p. 132.

Matter substituted.

(e) So much of section 18 of the Immigration Act of 1917 [U. S. C. Title 8, § 154] as reads as follows: "or knowingly to bring to the United States at any time within one year from the date of deportation any alien rejected or arrested and deported under any provision of this Act, unless prior to reembarkation the Secretary of Labor has consented that such alien shall reapply for admission, as required by section 3 hereof" is amended to read as follows: "or knowingly to bring to the United States any alien excluded or arrested and deported under any provision of law until such time as such alien may be lawfully entitled to reapply for admission to the United States". The amendment made by this subsection shall take effect on the expiration of sixty days after the enactment of this Act, but the provision amended shall remain in force for the collection of any fine incurred before the effective date of such amendment.

Bringing in deported alien.
Matter stricken out.
Vol. 39, p. 888, amended.
U. S. Code, p. 138.

Matter substituted.

Effective in 60 days.

Sec. 2. Any alien who hereafter enters the United States at any time or place other than as designated by immigration officials or eludes examination or inspection by immigration officials, or obtains entry to the United States by a willfully false or misleading representation or the willful concealment of a material fact, shall be guilty of a misdemeanor and, upon conviction, shall be punished by imprisonment for not more than one year or by a fine of not more than $1,000, or by both such fine and imprisonment.

Punishment for illegal entry.

EXHIBIT 16
Page 1 of 2

Alien under sentence deported, after termination of imprisonment.

Sec. 3. An alien sentenced to imprisonment shall not be deported under any provision of law until after the termination of the imprisonment. For the purposes of this section the imprisonment shall be considered as terminated upon the release of the alien from confinement, whether or not he is subject to rearrest or further confinement in respect of the same offense.

Detailed record of convictions to be notified to Secretary of Labor.

Sec. 4. Upon the final conviction of any alien of any offense under this Act in any court of record it shall be the duty of the clerk of the court to notify the Secretary of Labor, giving the name of the alien convicted, the nature of the offense of which convicted, the sentence imposed, and, if imprisoned, the place of imprisonment, and, if known, the place of birth of such alien, his nationality, and the time when and place where he entered the United States.

Terms in Immigration Act applicable to this Act.

Sec. 5. Terms defined in the Immigration Act of 1924 shall, when used in this Act, have the meaning assigned to such terms in that Act.

Approved, March 4, 1929.

---

March 4, 1929.
[S. 4721.]
[Public, No. 1019.]

**CHAP. 691.**—An Act To extend the times for commencing and completing the construction of a bridge across the Potomac River at or near the Great Falls, and to authorize the use of certain Government land.

Potomac River. Time extended for bridging, at the Great Falls.
*Ante, p. 442.*

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That the time for commencing and the time for completing the construction of a bridge authorized by the Act of Congress approved April 21, 1928, to be built across the Potomac River by the Great Falls Bridge Company, entitled "An Act authorizing the Great Falls Bridge Company, its successors and assigns, to construct, maintain, and operate a bridge across the Potomac River at or near the Great Falls," are hereby extended one and three years, respectively, from the date of the approval hereof.

Use of Government land for site, authorized.

Sec. 2. The Great Falls Bridge Company, its successors and assigns, is hereby authorized, by and with the approval of the Secretary of War, to use and occupy such Government-owned land located at or near Great Falls as is necessary to construct, maintain, and operate said bridge and its approaches, and as may be approved by the National Capital Park and Planning Commission, upon such terms and conditions as the Secretary of War may deem equitable and fair to the public.

Amendment.

Sec. 3. That the right to alter, amend, or repeal this Act is hereby expressly reserved.

Approved, March 4, 1929.

---

March 4, 1929.
[S. 4566.]
[Public, No. 1020.]

**CHAP. 692.**—An Act Authorizing the New York Development Association, Inc., its successors and assigns, to construct, maintain, and operate a bridge across the Saint Lawrence River near Alexandria Bay, New York.

Saint Lawrence River.
New York Development Association, Inc., may bridge, near Alexandria Bay, N. Y.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That in order to facilitate international commerce, improve the postal service, and provide for military and other purposes, the New York Development Association, Inc., a corporation organized under and by virtue of the membership corporation law of the State of New York, having its office and principal place of business at Watertown, New York, its successors and assigns, be, and is hereby, authorized to

Location of bridge in New York.

construct, maintain, and operate a bridge and approaches thereto, across the easterly channel of the Saint Lawrence River at a point

EXHIBIT 16
Page 2 of 2