IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CR-21-187-C |
| | ) | |
| JOSE LUIS AMADOR-BONILLA, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Defendant has filed a Motion seeking dismissal of the Indictment charging him with illegal re-entry after removal in violation of 8 U.S.C. § 1326(a). In support of his Motion, Defendant argues that § 1326 violates the equal protection guarantee of the Fifth Amendment because it was enacted with a racially disparate impact. Defendant directs the Court to a recent decision of the District Court of Nevada which agreed with his position. See United States v. Carrillo-Lopez, --- F.Supp.3d ---, 2021 WL 3667330 (D. Nev. Aug 18, 2021). In response, Plaintiff argues § 1326 should be examined pursuant to a rational basis review. According to Plaintiff, when the appropriate level of scrutiny is applied, the law survives Defendant's challenge. Plaintiff further notes that even when examined under Village of Arlington Heights v. Metropolitan Housing Development Corp., 429 U.S. 252 (1977), § 1326 is constitutional, as Defendant has failed to demonstrate racial discrimination was the motivating purpose behind passage of the law.

The Court is not persuaded that analysis of § 1326 pursuant to Arlington Heights is proper. The Supreme Court has repeatedly noted the limited judicial review available on

immigration matters. The Supreme Court has noted that "the power over aliens is of a political character and therefore subject only to narrow judicial review." Hampton v. Mow Sun Wong, 426 U.S. 88, 101 n. 21, (1976) (citing Fong Yue Ting v. United States, 149 U.S. 698, 713 (1893)). Actions regulating the power to expel or exclude aliens are "largely immune from judicial control." Fiallo v. Bell, 430 U.S. 787, 792 (1977) (internal quotation marks and citation omitted). The Fiallo Court further stated, "over no conceivable subject is the legislative power of Congress more complete . . . ." Id. (internal quotation marks and citation omitted). The extremely narrow review of immigration decisions applies even when constitutional issues are at stake. See Fiallo, at 796. Considering these standards and the Tenth Circuit's recognition of the reasoning behind § 1326 – to stem the tide of illegal immigration and hope of deterring that activity – the Court finds the rational basis standard is the appropriate level of review. See United States v. Gutierrez-Gonzalez, 184 F.3d 1160, 1165 (10th Cir 1999). Rational basis review is satisfied where "there is a rational relationship between the disparity of treatment and some legitimate governmental purpose." Heller v. Doe, 509 U.S. 312, 320 (1993). It is incumbent on Defendant, as the party challenging the statute, to "negative every conceivable basis which might support it . . . ." Id. (internal quotation marks and citation omitted). Defendant has failed to meet this obligation. Thus, his Motion will be denied.

    Even if the strict scrutiny of Arlington Heights, were applied, the Court finds no equal protection violation. Defendant focuses his argument on the Undesirable Aliens Act of 1929 and argues that because § 1326 has its roots in that legislation it is so infected with

the racial bias of the 1929 law that it unquestionably has a discriminatory purpose. Defendant argues the burden to show the law would have been passed absent the discriminatory purpose shifts to Plaintiff.

The primary flaw in Defendant's argument is his focus on the 1929 Act. As Plaintiff notes, the first step in applying Arlington Heights is to identify what decision maker and decision is being reviewed. When that analysis is undertaken it is clear that Plaintiff is correct in noting that the Court's review should focus on the Immigration and Nationality Act of 1952, Pub. L. 82-414, § 276, 66 Stat. 163, 229 (1952) ("INA"). Defendant has failed to demonstrate that the INA was passed with a discriminatory purpose as a motivating factor. Thus, even were the Court to review § 1326 under Arlington Heights, Defendant's Motion would still fail.

For the reasons set forth herein, Defendant Jose Luis Amador-Bonilla's Motion to Dismiss (Dkt. No. 15) is DENIED.

IT IS SO ORDERED this 16th day of November 2021.

ROBIN J. CAUTHRON
United States District Judge